**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MARIA DE LOS ANGELES MEDINA
RODALES; XOCHITL GUADALUPE
CERVANTES MEDINA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1238

Agency Nos.
A206-912-468
A206-912-469

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2024**
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Maria De Los Angeles Medina Rodales and her minor daughter, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(BIA) order dismissing their appeal of an immigration judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). When, as here, the BIA adopts and affirms the IJ's decision by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and offers additional reasoning, the court reviews both decisions. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We "review legal conclusions *de novo*" and "review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

Petitioner correctly points out that the IJ's analysis of her proposed particular social group—immediate family member of cartel member or organized crime participant—includes a citation to the Attorney General's now-vacated decision in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), *vacated by Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021). However, substantial evidence supports the agency's other, independent bases for denying Petitioner's applications for asylum and withholding of removal. The record does not compel a finding that Petitioner faced past persecution or has a well-founded fear of future persecution because Petitioner testified that she was never directly threatened with harm and

that she did not believe that anyone wanted to harm her or her daughter in particular. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (concluding that the record did not compel a finding of persecution where the petitioner received threats that were "anonymous, vague, and did not create a sense of immediate physical violence"). The record also does not compel a finding that Petitioner's brother's ties to the cartel were "one central reason," or even "a reason," that Petitioner faced or will face harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (explaining the nexus standards for asylum and withholding of removal, respectively).

We deem unexhausted Petitioner's arguments that the agency ignored evidence of psychological torture when it analyzed her CAT claim and that the IJ, after this case was reassigned to him, denied Petitioner due process by issuing a decision on her applications after a four-year delay and without hearing new testimony. Petitioner did not raise these arguments before the BIA, and the Attorney General properly raises Petitioner's failure to administratively exhaust them. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *see also Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (recognizing that a petitioner must exhaust challenges to "procedural errors, constitutional or otherwise, that are correctable by" the agency (citation omitted)).

**PETITION DENIED.**